**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**CARMEN DELGADO, PATRICIA**
**DELGADO and NICOLAS DELGADO,**
Plaintiffs

v.                                                               **CIVIL NO. 04-1799(DRD)**

**ASHFORD PRESBYTERIAN COMMUNITY**
**HOSPITAL, et als.,**
Defendants

**ORDER**

Pending before the Court is co-defendant Dr. Neil E. Maldonado Catinchi's ("Dr. Maldonado") *Motion to Dismiss Under Rule 12(b)(6) of Federal Rules of Civil Procedure*. (Docket No. 72). Through said motion, Dr. Maldonado requests the Court to dismiss plaintiffs' claims against him provided that they summoned him with a copy of the original complaint (rather than the second amended complaint) which does not state include any allegations or legal claims against Dr. Maldonado. In fact, Dr. Maldonado explains that he is not even mentioned in the original complaint. To support his contentions, Dr. Maldonado attaches as exhibits copies of the summons served on June 29, 2005 (stamped as "entered" on July 5, 2005), and the original complaint filed on August 10, 2004 (stamped as "entered" on August 27, 2004, and July 5, 2005).

In their *Opposition to "Motion to Dismiss Under Rule 12(b)(6) of [sic] Federal Rules of Civil Procedure"*, plaintiffs aver that Dr. Maldonado is necessarily basing his contentions for dismissal on incorrect facts. They further argue that the "entered" stamp on the original complaint filed as Exhibit B belongs to the Claims Department of SIMED (a co-defendant in the instant case) and, as such, plaintiffs could not have had access to it in order to serve Dr. Maldonado with a copy of a pleading bearing in its face and internal stamp of one of co-defendant's in house counsel. Plaintiffs submitted to the Court as an exhibit Edwin Mercado Rios's, the process server, *Statement Under Penalty of Perjury* wherein he swears to having served the second amended complaint . (Docket No. 73-2). Dr. Maldonado did not reply any of plaintiffs' assertions.

After reviewing the parties' respective pleadings, the Court cannot help but be troubled by plaintiffs' implicit accusations against Dr. Maldonado's legal counsel. In the same manner, however, the Court finds equally unfathomable, and even sanctionable, that Dr. Maldonado would be served with a co-defendant's copy of the original complaint rather than the second amended complaint. Notwithstanding, in the spirit of fairness – and risking having had the wool pulled over its eyes – the Court will hold its hand at this time and not proceed to impose economic sanctions upon either of the appearing parties.

Accordingly, Dr. Maldonado's request for dismissal is **DENIED WITHOUT PREJUDICE**.

Plaintiffs are **ORDERED** to solicit summons.  The **Clerk of Court** is, this **INSTRUCTED to issue summons forthwith**.  Once summons are issued, plaintiffs are **ORDERED** to serve process upon Dr. Maldonado **WITHIN FIVE DAYS**.  Dr. Maldonado is to **ANSWER THE COMPLAINT OR OTHERWISE PLEAD WITHIN ELEVEN DAYS after plaintiffs serve him with a copy of the Second Amended Complaint.**

    **NO EXTENSIONS SHALL BE AUTHORIZED**.  Failure to comply with the orders issued by the Court on this date shall result in the imposition of economic sanctions and/or the striking of allegations and/or the entry of default against ill-complying parties.

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of February of 2006.

    s/ Daniel R. Dominguez
    **DANIEL R. DOMINGUEZ**
    **U.S. DISTRICT JUDGE**